KIRK D. MILLER, P.S.
211 E Sprague Avenue
Spokane, WA 99202
(509)413-1494 Telephone
(509)413-1724 Facsimile

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JASON CROSEN,

      Plaintiff,

vs.

WINDHAM PROFESSIONALS, INC., a Massachusetts corporation; and JOHN DOE and JANE DOE, individually and their marital community,

      Defendants.

Case No.: CV-13-159-JLQ

COMPLAINT

Plaintiff Jason Crosen, through his attorney, Kirk D. Miller of *Kirk D. Miller, P.S.* alleges the following:

I. COMPLAINT

1.1.    This is an action for damages and remedies against Windham Professionals, Inc. (hereinafter "Windham") pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq.

COMPLAINT 1

## II. JURISDICTION & VENUE

2.1. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d), 28 U.S.C. §1337, and 28 U.S.C. §1331. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202.

2.2. Venue is proper in this District under 28 U.S.C. §1391(b) because the Defendant conducts affairs and transacts business in this District, the unlawful acts giving rise to this Complaint occurred in this District, and the Plaintiff resides within the territorial jurisdiction of the court.

## III. PARTIES

3.1. Plaintiff Jason Crosen is a resident of the state of Washington, residing within the territorial jurisdiction area of the United States District Court for the Eastern District of Washington.

3.2. Plaintiff Jason Crosen is a natural person.

3.3. The Defendants alleged that Jason Crosen was obligated to pay a debt.

3.4. Plaintiff Jason Crosen is a "consumer" as defined by the FDCPA 15 U.S.C. § 1692a(3).

3.5. The alleged debt was an obligation of Plaintiff to pay money arising out of a transaction primarily for personal, family, or household purposes.

COMPLAINT 2

3.6. Defendant Windham is a collection agency that is licensed to conduct business in the state of Washington.

3.7. Defendant Windham attempted to collect a "debt" from the Plaintiff, as defined by FDCPA 15 U.S.C. §1692a(5).

3.8. Defendant Windham regularly uses the telephone in its attempts to collect debts.

3.9. Defendant Windham uses instrumentalities of interstate commerce or the mails in its business.

3.10. Defendant Windham uses the mail in its attempts to collect debts.

3.11. Defendant Windham is a Massachusetts corporation engaged in the business of collecting debts that are originally owed to another.

3.12. Defendant Windham regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

3.13. Defendant Windham is a "debt collector" as defined by the FDCPA 15 U.S.C. §1692a(6).

3.14. Defendant John Doe will be identified through discovery.

3.15. Defendant John Doe is the employee of Defendant Windham that left a voicemail message on Plaintiff's phone on April 15, 2013.

COMPLAINT 3

3.16. Defendant John Doe uses instrumentality of interstate commerce, including the telephone or the mails, in the course and scope of his employment at Defendant Windham, in his attempts to collect debts.

3.17. Defendant John Doe is a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692a(6).

3.18. All acts and omissions by John Doe were performed on behalf of his employer, Windham.

3.19. All acts alleged of John Doe were done on his own behalf, on behalf of Defendant Windham, and on behalf of the marital community comprised of John Doe Jane Doe.

3.20. Defendant Windham is jointly and severably liable for the acts and omissions of its agents, Defendant John Doe.

## IV. FACTS

4.1. On April 15, 2013, John Doe called Plaintiff and left a voicemail message on Plaintiff's cellular telephone (hereinafter "the voicemail").

4.2. John Doe's April 15, 2013, call to Plaintiff was an attempt to collect a debt.

4.3. John Doe's April 15, 2013, call to Plaintiff was a "communication" as defined by 15 USC §1692a(2).

COMPLAINT 4

4.4. The voicemail was an attempt to collect a debt.

4.5. The voicemail was a "communication" as defined by 15 USC §1692a(2).

4.6. John Doe's April 15, 2013, call to Plaintiff was not an attempt to obtain location information. \

4.7. On or before April 14, 2013, Windham knew Plaintiff's home address.

4.8. John Doe did not state at any time during his April 15, 2013, call to Plaintiff that he was confirming or correcting location information concerning the Plaintiff.

4.9. On average, John Doe leaves voice messages for consumers more than fifty (50) times per day.

4.10. The voicemail was the initial communication with Plaintiff.

4.11. John Doe failed to state in the voicemail that he was attempting to collect a debt and that any information will be used for that purpose.

4.12. John Doe failed to state in the voicemail that the communication is from a debt collector.

4.13. The voicemail is not a formal pleading made in connection with a legal action.

COMPLAINT 5

## V. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

5.1. Defendants communicated with Plaintiff in connection with the collection of an alleged debt.

5.2.  Defendants failed to provide the disclosures required by 15 USC § 1692e(11).

5.3. The debt collector, Defendant Windham, through its own acts, by and through its agent and employee, and through its policies and procedures, has violated the FDCPA.

## VI. DEMAND

WHEREFORE, Plaintiff demands judgment as follows:

6.1. Actual damages;

6.2. Statutory damages pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(1);

6.3. Statutory damages against each of the Defendants Windham and Doe in the amount of one thousand dollars ($1000.00), pursuant to the FDCPA 15 U.S.C. § 1692k(a)(2)(A);

6.4. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. §1692k(a)(3);

COMPLAINT 6

6.5. Injunctive relief requiring the Defendants to implement policies and procedures to ensure compliance with the FDCPA and specifically 15 U.S.C. §1692e(11)

6.6. For such other and further relief as may be just and proper.

DATED this 25th day of April, 2013.

          Kirk D. Miller, P.S.

          /s Kirk D. Miller
          Kirk D. Miller
          WSBA #40025
          Attorney for Plaintiff

COMPLAINT 7